1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11          Plaintiff,                          No.  CIV-S-11-1340-KJM-KJN

12      vs.

13   GURMINDER PARMAR, Individually
     and d/b/a/ TOKAY LIQUORS; FRASIER
14   CORP., a Nevada Corporation,

15          Defendants.                         ORDER
     _____/

16

17          On October 21, 2011, the magistrate judge filed findings and recommendations,

18   which were served on the parties and which contained notice that any objections to the findings

19   and recommendations were to be filed within fourteen days.  No objections were filed.

20          The court presumes that any findings of fact are correct.  *See Orand v. United*

21   *States,* 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are

22   reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.

23   1983).  Having carefully reviewed the file, the court declines to adopt the findings and

24   recommendations and refers the matter back to the magistrate judge.

25          In his complaint for violations of the Americans With Disability Act, 42 U.S.C.

26   §§ 12101, *et seq*., and California's Unruh Act, Cal. Civ. Code §§ 51(f), 52, plaintiff alleges that

                                         1

he suffered discrimination at defendant's place of business because of the lack of the "correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space (no disabled parking exists) . . . accessible route . . . , accessibility signage and striping.  The removal of the above referenced architectural barriers is readily achievable."  ECF No. 1 at 4.  Plaintiff says he "seeks injunctive relief to require Defendants to remove all architectural barriers related to his mobility disability. . . to remove all barriers to access which are readily achievable"  *Id*. at 6-7.

"To succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  *Parr v. L & L DriveInn Rest*., 96 F.Supp.2d 1065, 1085 (D.Haw. 2000).  "Readily achieveable" means "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).  Although the Ninth Circuit has not yet determined whether the plaintiff or defendant bears the burden in showing that removal of the barrier in a non-historic building is readily achievable, other circuits have placed the initial burden of production on the plaintiff.  *Colorado Cross Disability Coalition v. Hermanson Family Ltd*., 264 F.3d 999, 1005-06 (10th Cir. 2001); *Roberts v. Royal Atlantic Corp*., 542 F.3d 363, 373 (2d Cir. 2008); *see also Vesecky v. Garick, Inc*., 2008 WL 4446714, at *4 (D. Ariz. Sept. 30, 2008) (following *Colorado Cross*); *compare Molski v. Foley Estates Vineyard and Winery, LLC*., 531 F.3d 1043 (9th Cir. 2008) (historic winery had initial burden of production on issue of ready achievability).  Taking into account the question of burden, it is not clear whether the magistrate judge considered whether all the "necessary facts" for liability were contained in the pleadings.  *See Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

/////

/////

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  The court declines to adopt the findings and recommendations filed October

3    21, 2011 (ECF No. 17); and

4    2.  The case is referred back to the magistrate judge for further consideration in

5    light of the above.

6    DATED:  January 5, 2012.

7

8    _____

9    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   john1340.jo

3